UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EXTIWUEN OROZCO-MONTOYA,<br><br>                    Petitioner,<br>      v.<br><br>MERRICK GARLAND, et al.,<br><br>                    Respondents. | Case No. 2:21-cv-01730-RFB-EJY<br><br>**ORDER** |

    Petitioner Extiwuen Orozco-Montoya filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241 (ECF No. 1).  He states that he was apprehended unlawfully entering the United States, that he sought asylum, and that the Department of Homeland Security (DHS) violated his due process rights in making its credible fear determination. As discussed below, the petition is dismissed for failure to state a claim for which relief may be granted.

    Individuals who are apprehended unlawfully entering the United States at the border are issued an expedited removal order and summarily deported. 8 U.S.C. § 1225(b)(1)(A)(ii). Applicants can avoid expedited removal by claiming asylum. If an applicant "indicates either an intention to apply for asylum" or "a fear of persecution," the immigration officer refers the alien for an interview by an asylum officer. §§ 1225(b)(1)(A)(i)–(ii). The asylum officer conducts the screening interview to determine whether the applicant has a "credible fear of persecution." § 1225(b)(1)(B)(v). The applicant need not show that he or she is in fact eligible for asylum—a "credible fear" equates to only a "significant possibility" that the alien would be eligible. *Id*. Thus,

while eligibility ultimately requires a "well-founded fear of persecution on account of," among other things, "race" or "political opinion," §§ 1101(a)(42)(A), 1158(b)(1)(A), all that an alien must show to avoid expedited removal is a "credible fear."

If the asylum officer finds an applicant's asserted fear to be credible, the applicant will receive "full consideration" of his asylum claim in a standard removal hearing. 8 C.F.R. § 208.30(f); *see* 8 U.S.C. § 1225(b)(1)(B)(ii). If the asylum officer finds that the applicant does not have a credible fear, a supervisor will review the asylum officer's determination. 8 C.F.R. § 208.30(e)(8). If the supervisor agrees with it, the applicant may appeal to an immigration judge, who can take further evidence and makes a de novo determination." §§ 1003.42(c), (d)(1); *see* 8 U.S.C. § 1225(b)(1)(B)(iii)(III).

Orozco is a 21-year-old Colombian citizen who entered the United States in either May or June 2021 without inspection and claimed a fear of removal to Colombia as a farmer and human rights defender who resists paramilitary intrusion (ECF No. 1, p. 4). An asylum officer interviewed him on July 10, 2021 and concluded that Orozco did not establish a credible fear of persecution or a significant possibility for eligibility to withhold or defer removal under the Convention Against Torture. Orozco appealed to an Immigration Judge (IJ) who took testimony and affirmed the DHS negative fear determination (ECF No. 1-2).

Orozco argues that he is entitled to habeas relief under 28 U.S.C. § 2241 because DHS failed to comply with regulatory and binding precedent in violation of his federal due process rights. Though habeas relief typically means a release from custody, Orozco seeks "a new, meaningful opportunity to apply for asylum and other relief from removal" (ECF No. 1, p. 22).

The United States Supreme Court recently considered whether federal courts may review the determination that an alien lacks a credible fear of persecution. *Department of Homeland Security v. Thuraissigiam*, 140 S.Ct. 1959 (2020). A provision of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), § 1252(e)(2), limits the review that an alien in expedited removal may obtain via a petition for a writ of habeas corpus. "In particular, courts may not review 'the determination' that an alien lacks a credible fear of persecution. §

1252(a)(2)(A)(iii); *see also* §§ 1252(a)(2)(A)(ii), (iv)." *Id*. at 1966. The respondent in *Thuraissigiam* argued that IIRIRA violated his right to due process by precluding judicial review of his allegedly flawed credible-fear proceeding. *Id.* at 1981. The Court concluded that the proscription of judicial review of the credible fear determination violates neither the Suspension Clause nor the Due Process Clause. *Id.* at 1983. The Court explained:

> an alien in respondent's [as well as Orozco's] position has only those rights regarding admission that Congress has provided by statute. In respondent's case, Congress provided the right to a "determin[ation]" whether he had "a significant possibility" of "establish[ing] eligibility for asylum," and he was given that right. §§ 1225(b)(1)(B)(ii), (v). Because the Due Process Clause provides nothing more, it does not require review of that determination or how it was made. As applied here, therefore, § 1252(e)(2) does not violate due process.

*Id*. at 1983.

This court is, therefore, precluded from entertaining a habeas corpus petition that seeks review of the credible-fear determination. Accordingly, Orozco's petition is dismissed for failure to state a claim for which relief may be granted.

**IT IS THEREFORE ORDERED** that the petition is **DISMISSED** for failure to state a claim for which relief may be granted.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED: 9 August 2022.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

3